UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GELISHIA N. HARRIS | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2935    DIV. (2) |
| AMERICAN COMMERCIAL BARGE LINE | * | MAG. JUDGE CURRAULT |

**ORDER AND REASONS**

Defendant American Commercial Barge Line's Motion to Compel is pending before me in this matter. ECF No. 27. The motion was scheduled for submission on Wednesday, May 13, 2026. As of this date, Plaintiff Gelishia Harris has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, May 5, 2026. *See* E.D. La. L.R. 7.5.

Having considered the record, the written submissions of counsel, the lack of Opposition Memorandum, the applicable law, and finding that the motion has merit for the most part, the Court GRANTS the motion to compel.

## I.    BACKGROUND

Plaintiff Gelishia Harris filed this employment discrimination suit alleging that she was harassed, discriminated against and retaliated against based on her race. ECF No. 1. Plaintiff seeks damages for emotional distress. *Id.* at 7.

Defendant American Commercial Barge Line issued written discovery seeking, among other things, evidence supporting Plaintiff's claim for emotional distress/mental anguish damages, including medical records. *See, e.g.*, ECF No. 27-2 at 9 (RFP Nos. 4, 8). Plaintiff's responses included one medical report/After Visit Summary indicating prior and subsequent appointments. ECF No. 27-4; *see also* ECF No. 27-5 (deposition excerpt). After discussing a Medical Records Authorization for Release of Records to enable Defendant to obtain complete records for a 10-year

1

time period and revising  same, Plaintiff refused to sign same.  ECF No. 27 at 2-3; No, 27-9 at 2 (draft authorization for release).

## II.    APPLICABLE LAW AND ANALYSIS

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1]

### A.  Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[2]

Information need not be admissible into evidence to be discoverable.[3]  Rather, information merely needs to be *proportional* and *relevant* to any claim or defense.[4]

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissible evidence at the trial stage.[5]  At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[6]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[7]  If relevance is in doubt, a court should allow discovery.[8]  Facts that are not

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[2] FED. R. CIV. P. 26(b)(1).

[3] *Id.*

[4] *Id.*

[5] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

[6] *Id*. (brackets and citations omitted).

[7] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, M.J.)).

[8] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

considered in determining the ultimate issues may be eliminated in due course of the proceeding.[9]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[10] discovery does have "ultimate and necessary boundaries."[11]   Ultimately, determining the proper scope of discovery falls within the broad discretion of the trial court.[12]

### B.  Rule 34 Requests for Production and Written Authorizations

Rule 34 authorizes a party to request another party to produce documents or items within that party's possession, custody or control.  FED. R. CIV. P. 34(a)(1).  The party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of a document request is objectionable and why, affirmatively explain what portion of the request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[13]

The ambit of "control" under Rule 34(a)(1) extends to a party's records held by a non-party, because by either granting or withholding her consent, a party may determine who shall have access to them.[14]  Indeed, as courts within the Fifth Circuit have recognized,  Rule 34, along

---

[9] *Rangel*, 274 F.R.D. at 590 n.5 (quoting *In re Gateway Eng'rs, Inc.*, No. 09-209, 2009 WL 3296625, at *2 (W.D. Pa. Oct. 9, 2009)).

[10] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).

[11] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[12] *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) ("And, as in all discovery matters, the district court has broad discretion in limiting the scope of discovery." (citation omitted)); *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 351-52 (5th Cir. 2011).

[13] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[14] *See Smith v. Md. Cas. Co.*, 42 F.R.D. 587, 589 (E.D. La. 1967) (Rubin, J.) ("Rule 34 permits the Court to require a party to produce any document under his control.  Obviously, the plaintiff is in control of these records [held by hospitals], because, by either granting or withholding her consent, she may determine who shall have access to them. Therefore, she is ordered to produce them or to execute an authorization for the defendant to examine them."); *see also EEOC v. L-3 Commc'ns Integrated Sys., LP,* No. 17-538, 2018 WL 3548870, at *3 (N.D. Tex. July 24, 2018) ("[W]ritten authorizations for release may be compelled under Rule 34 because they compel parties to disclose documents that are within their control." (citing *Mir. v. L-3 Commc'ns Integrated Sys. L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016))).

with Rule 37, empowers federal courts to compel parties to sign written authorizations consenting to the production of various documents.[15]

## C. **Relevance of Medical Records**

Courts have routinely held that, by putting one's medical condition at issue, a plaintiff waives any privilege to her medical records which she may otherwise have been entitled based on her privacy interest.[16]   And when a plaintiff seeks emotional distress damages, her mental conditions are put at issue,[17] making medical records relating to same relevant and discoverable.[18] Basic fairness requires the other party be allowed "to explore the truth of the [party's] allegations

---

[15] *See Smith*, 42 F.R.D. at 589; *Allen v. Indian Harbor Marine, Inc.*, No. 96-3135, 1997 WL 666210, at *1–2 (E.D. La. Oct. 24, 1997); *Lischka v. Tidewater Servs., Inc.*, No. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) (Vance, J.) (citing *McKnight v. Blanchard,* 667 F.2d 477, 481-82 (5th Cir. 1982) (strongly suggesting that when a party puts his or her physical condition at issue that a court can, upon proper motion, order him or her to sign a medical authorization); *Phillips v. Ins. Co. of N. Am.,* 633 F.2d 1165, 1167-68 (5th Cir. Unit B Jan. 1981) (finding that district court could sanction party who failed to comply with discovery order compelling written tax authorizations)); *DeGruy-Hampton v. Ochsner Clinic Found.*, No. 20-2417, 2021 WL 2514681, at *9 (E.D. La. June 18, 2021); *Hunters Run Gun Club, LLC v. Baker*, No. 17-176, 2019 WL 507479, *6–8 (M.D. La. Feb. 7, 2019); *Broussard v. Callon Petroleum Co.*, No. 04-2264, 2005 WL 8178118, at *1 (W.D. La. Oct. 28, 2005); *Mir*, 319 F.R.D. at 226–28 (ordering party to sign authorization for release of social security records); *see also Zamora v. GC Servs., LP*, No. 15-048, 2016 WL 8853096, at *4 (W.D. Tex. Aug. 19, 2016) (recognizing that the majority of courts to consider the issue have concluded that a party may be compelled to execute an authorization for release of records).

[16] *Stogner v. Sturdivant*, No. 10-125, 2011 WL 4435254, at *5 (M.D. La. Sept. 22, 2011) (citing cases); *Tanner v. BD LaPlace, LLC*, No. 17-5141, 2018 WL 3528023, at *2 (E.D. La. July 3, 2018) (Feldman, J.) (citations omitted) (recognizing that privilege may be waived when a party places his medical condition at issue).

[17] *See Hardy v. Scandinavian Airlines Sys.*, No. 21-1591, 2025 WL 416106, at *9 (E.D. La. Feb. 6, 2025) (finding plaintiff put her mental status at issue by seeking emotional distress damages and thus she waived any privilege she would otherwise be entitled to by her privacy interest in her medical records, including any mental health records); *Taylor v. Smith & Nephew, Inc.*, No. 18-234, 2019 WL 13207593, at *2 (S.D. Miss. Oct. 24, 2019) ("[T]his Court has held that '[b]y asserting a claim for emotional distress and mental anguish, [Plaintiff has] placed in issue any mental or physical conditions [of Plaintiff] which could have led to the claimed damages.'" (first brackets added) (quoting *Mass. Mut. Life Ins. Co. v. Hathcock*, No. 11-738, 2012 WL 12883641, at *2 (S.D. Miss. Aug. 14, 2012) (quoting *Williams v. NPC Int'l, Inc.*, 224 F.R.D. 612, 613 (N.D. Miss. 2004)))); *Frazier v. Luther*, No. 24-262, 2025 WL 2856531, at *4 (N.D. Miss. Oct. 8, 2025) (requiring Plaintiff to execute authorizations that include and exclude psychotherapy notes because "Plaintiff has undoubtedly placed his mental health at issue by virtue of his negligent infliction of emotional distress claims" and the court was "unable, based on the briefing, to itself separate from Plaintiff's physical condition" from her "extensive past mental health treatment").

[18] *Merrill*, 227 F.R.D. at 473 ("Utilizing th[e] broad construction of relevance in Rule 26(b)(1), several courts have found that medical records are relevant to claims of mental anguish in discrimination case." (citing *Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D. Cal. 2003) (finding that medical records involving mental health, including physical conditions tied to mental health, were relevant under the broad definition of relevance in Rule 26(b)(1))); *Bacharach v. SunTrust Mortg., Inc.*, No. 14-962, 2015 WL 1843007, at *7 (E.D. La. Apr. 22, 2015) (granting request for production of "all of the Plaintiff's medical records, charts, progress reports, prognoses or other similar documents regarding any damages for which she seeks to recover in this case" because Plaintiff "is seeking emotional distress damages")).

that he/she suffered . . . emotional distress as a result of the [other party's] conduct and to determine whether the [party] suffered any pre-existing . . . emotional distress" that may be the (or an) actual cause of the distress.[19]

Although Plaintiff's medical records are relevant, that does not mean that every medical record of any nature for an excessive time period are relevant and proportional to the needs of the case. Consistent with the obligation to ensure that discovery is within the scope permitted by Rule 26(b)(1), the authorization must include appropriate temporal limitations. Courts often impose a time limitation[20] to ensure disclosures are proportional to the needs of the case.[21]

In this case, the requested records fall within January 1, 2015 - December 8, 2025. ECF No. 27-9 at 2. Given that Plaintiff began working for Defendant in 2017 and stopped in 2024,[22] this time period is reasonable.[23]

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

---

[19] *Stogner*, 2011 WL 4435254, at *5 (citing *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999) (noting that, once a plaintiff has elected to seek such damages, she cannot fairly prevent discovery into evidence relating to that element of her claims because the defendants must be free to test the truth of the plaintiff's contention that her mental issues arise *because of* the defendants' conduct)).

[20] *See, e.g.*, *Taylor v. United States*, No. 19-10023, 2020 WL 6204310, at *4 (E.D. La. Feb. 5, 2020) (limiting temporal scope of blank medical authorization); *Garza v. AAA Cooper Transp.*, No. 20-1, 2021 WL 3777739, at *5 (S.D. Tex. May 18, 2021) (requiring plaintiff to sign authorization to release medical records, but limiting the time period of the authorization because defendant's request was overbroad); *EEOC v. L-3 Commc'ns Integrated Sys., LP,* No. 17-538, 2018 WL 3548870, at *3 (N.D. Tex. July 24, 2018) (limiting authorization for release of medical records to date that employee began working for defendant).

[21] *Tijerina v. Guerra*, No. 19-285, 2020 WL 1663181, at *9-10 (S.D. Tex. Apr. 1, 2020) (denying medical records request that was unlimited in time based on Rule 26(b)(1) proportionality factors where movant did not establish why the requested 5-year period would be insufficient); *Gray-Standberry v. Ashley Distrib. Servs., Ltd.*, No. 20-0638, 2021 WL 2792984, at *3 (W.D. Tex. Mar. 3, 2021) (finding request for 27 years' of medical records, including pediatric records, not proportional); *Stogner,* 2011 WL 4435254, at *6 (limiting medical records request to 10 years after finding request for 23 years' worth of records excessive); *Cummins v. Lollar*, No. 12-560, 2015 WL 12731746, at *2 (N.D. Tex. Jan. 5, 2015) (citation omitted) (request for 50 years' of medical records dating to birth is excessive).

[22] ECF No. 1 at 1.

[23] *See, e.g.*, *L-3 Commc'ns Integrated Sys.*, 2018 WL 3548870, at *3 (limiting authorization for release of medical records to date that employee began working for defendant),

IT IS ORDERED that the Defendant American Commercial Barge Line's Motion to Compel (ECF No. 27) is GRANTED. This Order reserves to Defendant the right to seek recovery of fees and costs in incurred in filing the motion in accordance with Rule 37(a)(5) of the Federal Rules of Civil Procedure by filing an appropriate motion for same, with supporting documentation, by June 16, 2026.

IT IS FURTHER ORDERED that, within 21 days, Plaintiff Gelishia Harris must execute and deliver the medical authorization requested by Defendant.

New Orleans, Louisiana, this 13th day of May, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE